IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRET A. DUNLAP                                                                                   PLAINTIFF


v.                                              CIVIL NO. 20-5185


KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                           DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Bret A. Dunlap, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on September 21, 2017, alleging an inability to work since August 9, 2016, due to a thoracic spine injury. (Tr. 59, 167). An administrative hearing was held on October 31, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 28-57).

By written decision dated November 29, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative joint

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

disease of the left shoulder with chronic pain; cervical and thoracic degenerative disc disease; and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b), except: this person would be limited to lifting and carrying 10 pounds frequently and 20 pounds occasionally; they could stand or walk for six hours in an eight-hour workday; they could sit for at least six hours in an eight-hour workday; however, the person would need to alternate sitting such that they could sit for one hour then would need to stand for five to ten minutes and then return to the seated position; or they could stand for one hour then would need to sit for five to ten minutes and then return to the standing position; they could do that throughout the eight-hour workday without the need to leave the work station other than for normally scheduled breaks; the person would be limited to occasional pushing or pulling with the left upper extremity; the person could occasionally climb ramps and stairs; they should do no climbing of ladders, ropes, and scaffolds; they could occasionally balance, stoop, kneel, crouch, and no crawling; the person would be limited to frequent reaching in all directions, handling, and fingering with the left upper extremity; the person should avoid exposure to excessive vibration; the person should not work around hazards such as unprotected heights and dangerous moving machinery.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an office helper, a cashier II, and a photocopy machine operator. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council which denied that request on August 17, 2020. (Tr. 1-8). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 19, 20).

Plaintiff argues the following issues on appeal: 1) Plaintiff's complex regional pain syndrome (CRPS) is a medically determinable impairment; 2) the RFC is inconsistent with the evidence; and 3) the ALJ did not prove at Step Five that there are jobs that Plaintiff can perform. (ECF No. 19). Defendant argues the ALJ properly considered all of the evidence including

treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 20). The Court has reviewed the entire transcript and the parties' briefs.

Plaintiff argues the ALJ erred in determining that Plaintiff's alleged CRPS was not a medically determinable impairment. A review of the record revealed that CRPS was diagnosed by Plaintiff's treating chiropractor. A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1508. A chiropractor is not an "acceptable medical source" for purposes of establishing the existence of a medically determinable impairment. *Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007). A review of the record revealed Plaintiff alleged CRPS was diagnosed by his chiropractor. On September 19, 2019, Plaintiff saw Dr. Mark Miller who stated, "my best opinion is that he has CRPS, though this is not confirmed today." (Tr. 531). The Court finds substantial evidence to support the ALJ's determination that Plaintiff's alleged CRPS was not a medically determinable impairment for the time period in question.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant). A review of the record revealed that during the time period in question Plaintiff was able to take care of his personal needs, shop, drive, watch television, prepare simple meals, walk six days a week, and work out at the gym, to include light weightlifting, every morning. (37, 196, 513, 549).

Plaintiff argues that the ALJ did not prove at Step Five that there are jobs that Plaintiff can perform. The hearing transcript along with the evidence of record, supports the hypothetical posed by the ALJ to the vocational expert as it fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing an office helper, a cashier II, and a photocopy machine operator. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 25th day of October 2021.

/s/  *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE